UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SPENCER ROGERS, on behalf of himself and those similarly situated,

   Plaintiff,   CASE NO.:

vs.

D.W. SANDERS CERAMIC TILE & STONE CONTRACTING, INC., a Domestic Profit Corporation,

   <u>Defendant.</u>

<u>COLLECTIVE ACTION
COMPLAINT & DEMAND FOR JURY TRIAL</u>

Plaintiff, SPENCER ROGERS, on behalf of himself and others similarly situated, files by and through his undersigned counsel, and hereby sues the Defendant, D.W. SANDERS CERAMIC TILE & STONE CONTRACTING, INC., a Domestic Profit Corporation, (hereinafter referred to as the "Defendant"), and alleges as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL
1

# INTRODUCTION

1. This is an action by the Plaintiff against his former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

# JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.*

4. The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

5. This action is brought under Federal law to recover from Defendant unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

# VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in Cobb County, Georgia.

# PARTIES

7. Plaintiff was a Tile Setter Helper and performed related activities for Defendant in Cobb County, Georgia.

8.     Plaintiff, SPENCER ROGERS, worked for Defendant as a Tile Setter Helper from approximately January 4, 2016 through April 14, 2016.

9.     Defendant, D.W. SANDERS CERAMIC TILE & STONE CONTRACTING, INC., provides cleaning, painting, and carpet drying to their customers.

10.    Defendant, D.W. SANDERS CERAMIC TILE & STONE CONTRACTING, INC., is a Domestic Profit Corporation which operates and conducts business in Cobb County, Georgia and is therefore, within jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11.    Plaintiff worked as "Tile Setter Helper" for Defendant and performed related activities (i.e. mixing mortar, laying tile, and pouring concrete).

12.    Plaintiff was paid an hourly rate of fourteen and 00/100 dollars ($14.00) per hour in exchange for work performed up until February, 2016.

13.    After February, 2016, Plaintiff was paid an hourly rate of fifteen and 00/100 dollars ($15.00) per hour in exchange for work performed.

14.    Plaintiff worked in this capacity from January 4, 2016 through April 14, 2016.

15.    Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

16. Plaintiff worked approximately fifty (50) hours per week.

17. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of no less than time and one half his regular rate of pay for all hours worked over forty in a workweek.

18. Tile Setter Helpers were eligible for overtime provided they worked more than forty (40) hours per week.

19. Defendant failed to compensate Plaintiff for travel time.

20. At all material times during the last three years, Defendant, D.W. SANDERS CERAMIC TILE & STONE CONTRACTING, INC., was an enterprise subject to the FLSA's provision on overtime wages.

## COVERAGE

21. The Defendant, D.W. SANDERS CERAMIC TILE & STONE CONTRACTING, INC. , is a corporation formed and existing under the laws of the State of Georgia   and at all times, during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

22. Plaintiff was an employee of Defendant and was at all times relevant to the violations of the FLSA (2013-2016), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

23. At all material times relevant to this action (2013-2016), the Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

24. At all material times relevant to this action (2013-2016), the Defendant made gross earnings of at least five hundred thousand and 0/100 dollars ($500,000.00) annually.

25. At all material times relevant to this action (2013-2016), the Defendant had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. worked with tile, concrete, mortar, etc.).

26. At all material times relevant to this action (2013-2016), Defendant had two (2) or more employees routinely ordering materials or supplies from out of state vendors, and sold to out of state customers. (i.e. home improvement related materials).

27. At all material times relevant to this action (2013-2016), the Defendant has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

28. At all material times relevant to this action (2013-2016), the Defendant also used heavy machinery, professional tools, and other related materials for residential

and commercial use.

29. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COLLECTIVE FACTUAL ALLEGATIONS

30. Class members are treated equally by Defendant.

31. Defendant subjected class members to the same illegal practice policy by not paying Plaintiff and those similarly situated correct overtime wages.

32. Defendant has employed several tile setter helpers who were improperly paid overtime wages in the State of Georgia within the past three (3) years.

33. Plaintiff and all class members worked in the State of Georgia.

34. Plaintiff and all class members in the State of Georgia were not correctly paid overtime wages for all hours worked in excess of forty (40) hours.

35. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

36. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

37. Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

38. Defendant was aware of the time and record keeping requirements of the Fair Labor Standards Act, but willfully or recklessly failed to keep accurate pay and time records as required.

39. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. 216 §201, *et seq.*' (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

40. Plaintiff files this collective action on behalf of himself and all other similarly situated tile setter helper.

41. The proposed class is defined as follows:

> **All tile setter helpers (or similar title) who worked for Defendant within the last three years who were not paid overtime compensation at time and one half their regular rate of pay for all hours worked in excess of forty (40) within a work week.**

### COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS D.W. SANDERS CERAMIC TILE & STONE CONTRACTING, INC.

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41 above as though fully stated herein.

43. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at

a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours while it knew that overtime compensation was required by the law.

44. Specifically, Defendant failed to keep accurate time records as required by the FLSA for Plaintiff.

45. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, SPENCER ROGERS, on behalf of himself and all other similar situated employees, demands judgment against Defendant, D.W. SANDERS CERAMIC TILE & STONE CONTRACTING, INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 30th day of November, 2016.

Respectfully submitted,

**s/ADIAN MILLER**
Adian R. Miller, Esquire
Georgia Bar No.: 794647
Email: ARMiller@forthepeople.com
Carlos V. Leach, Esq.
Ga. Bar No.: 488443
E-mail: CLeach@forthepeople.com
**Morgan & Morgan, P.A.**
191 Peachtree Street NE, Suite 4200
P.O. Box 57007
Atlanta, GA 30343-1007
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
*Attorneys for Plaintiff*